JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of Judge Kenneth a. Callahan that imposed a maximum eighteen-month term of imprisonment upon appellant Jovito Stell following a jury verdict of guilty for one count of aggravated assault, a felony of the fourth degree. We affirm.
{¶ 2} From the record we glean the following: Stell, then twenty-two years old, was a laborer employed by Absolute Best Cleaning ("ABC") where Lindsay Case and Jason Scharton were his superiors. Stell claimed that at about 6:00 p.m. on November 20, 2000, Scharton paged him to return to the company's offices. There, Case and Scharton informed him that William O'Donnell, with whom Case lived in an apartment in Bedford Heights, had repeatedly committed acts of domestic violence against her and had vandalized Scharton's pickup truck the day before under an erroneous belief that he was having an affair with Case. Case wanted to move out of the apartment, and Scharton requested that Stell accompany him there to help move her things and provide him protection if O'Donnell attempted to resist their efforts.
{¶ 3} When he and Scharton arrived at the apartment at roughly 10:00 p.m. Stell claimed that, when he opened the door to the apartment with Case's key, O'Donnell, who apparently had found out about their plans, attacked them from inside the apartment and Scharton fled. Stell stated that he and O'Donnell punched and wrestled each other and, at some point, O'Donnell obtained a ball-peen hammer which he swung at him. Stell contended that he wrestled the hammer away from O'Donnell, used it to hit him twice in the head, and then left.
{¶ 4} As a result of the incident, O'Donnell sustained a concussion, a split lip, a cut on his forehead requiring internal and external stitches, wounds to the top of his head requiring surgical staples, and a fractured rib.
{¶ 5} Stell was indicted on one count of felonious assault, one count of aggravated burglary and one count of attempted murder; each count contained a firearm specification.
{¶ 6} At trial the State claimed that Case and Scharton conspired to kill O'Donnell because of the abuse committed against Case and the vandalism of Scharton's truck, and persuaded Stell to help them. It alleged that Scharton and Stell, wearing black knit caps in order to disguise their identities, went to the apartment armed with the hammer and a handgun, gained entry using Case's key and attacked O'Donnell. According to the State, Stell struck O'Donnell between twenty and thirty times, and the attack ended only when O'Donnell exited the apartment and screamed for help. Police recovered the hammer and gun at the scene, and both Case and O'Donnell denied owning either.
{¶ 7} The jury found Stell guilty of only aggravated assault, a lesser included offense of felonious assault, and the judge sentenced him to an eighteen-month term in prison and a $5,000 fine, the maximum allowable sentence for a felony of the fourth degree.[1]
{¶ 8} Stell's sole assignment of error states:
 {¶ 9} THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM PRISON TERM WITHOUT FINDING THAT THE APPELLANT MET THE STATUTORY CONDITIONS FOR IMPOSING SUCH A SENTENCE.
{¶ 10} As a threshold issue we note that although the journal entry indicates otherwise, the sentencing hearing transcript reveals that Stell was not advised that post release control could be part of his sentence and, therefore, it is not part of his sentence and cannot be imposed.[2]
{¶ 11} As to the maximum sentence, according to R.C. 2929.13(B), in relevant part,
 {¶ 12} (1) Except as provided * * *, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 13} (a) In committing the offense, the offender caused physical harm to a person.
{¶ 14} * * *
{¶ 15} (g) The offender previously served a prison term.
 {¶ 16} (h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
{¶ 17} * * *
 {¶ 18} (2)(a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.
 {¶ 19} (b) Except as provided * * *, if the court does not make a finding described in division (B)(1)(a),(b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender.
{¶ 20} A sentencing judge may lawfully impose a prison sentence upon an offender convicted of a fourth or fifth degree felony if he states findings and gives reasons for such sentence.[3]
{¶ 21} He may lawfully impose the maximum allowable sentence, under R.C. 2929.14(C), in relevant part, "* * * only upon offenders who committed the worst forms of the offense, [or] upon offenders who pose the greatest likelihood of committing future crimes * * *." In imposing such a sentence, a judge is required to find one of the above factors applicable to the offender, and is also required to state the reasons underlying the finding.[4] An appellate court may disturb the sentence imposed only if it clearly and convincingly finds that the record does not support the judge's findings under the statutory factors found in R.C. 2929.13(B) and (D) or the sentence is otherwise contrary to law.[5]
{¶ 22} The crime of aggravated assault is defined as:
 {¶ 23} No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
 {¶ 24} (1) Cause serious physical harm to another or to another's unborn;
 {¶ 25} (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance * * *.[6]
{¶ 26} It is certainly open to inference that the jury, in arriving at its verdict, accepted Stell's assertion that he struck O'Donnell with the hammer after being provoked by him.
{¶ 27} While he does not dispute that the judge complied with R.C. 2929.11, 2929.12 and 2929.13 in sentencing him to prison, Stell argues that striking O'Donnell on the head with a hammer, once the two began to fight, does not constitute the worst form of the offense of aggravated assault because O'Donnell's injuries did not justify a finding that they constitute "serious physical harm" sufficient to distinguish this crime from the average aggravated assault. He contends that O'Donnell did not have a prolonged hospital stay nor suffer injuries of any real permanence, the assault cannot qualify as a "worst form" of the offense, and the sentence should be vacated and cause remanded. We disagree.
{¶ 28} At the sentencing hearing, the judge detailed Stell's criminal history: prior felony convictions for receiving stolen property and attempted felonious assault, and a conviction for misdemeanor drug abuse, all occurring in 1996, other misdemeanor convictions, convictions for attempted trafficking in marijuana and possession of narcotics, and a conviction for having a weapon under disability, for which he was incarcerated for eight months. At the time of sentencing, Stell was facing charges stemming from a felony indictment in Lorain County for felonious assault and having a weapon under disability and a warrant stemming from an East Cleveland traffic ticket.
{¶ 29} The judge stated,
 {¶ 30} Court notes the following and specifically finds that the offender was out on bail at the time this offense was committed, that there is an extensive history of prior adjudications and criminal convictions. Moreover, that the Defendant has previously served a prison term as a result of a weapons conviction. He has been extended and re-extended the privilege of community controlled sanctions by this court [and] that he's failed to respond favorably in any way to those sanctions.
{¶ 31} It is apparent that the judge complied with the mandate of R.C.2929.19(B)(2)(a) in finding factors justifying the imposition of a prison term for a fourth-degree felony under 2929.13(B)(1)(g) and (h). In sentencing Stell to the maximum prison term for aggravated assault, the judge also explicitly found that Stell "* * * poses the greatest likelihood of committing future crimes based on the foregoing findings." Given the extensive nature and discussion of Stell's criminal history and the judge's contemporaneous finding that he poses the greatest likelihood of re-offending, we find that the judge complied with the mandates of R.C. 2929.14 and R.C. 2929.19 in sentencing Stell to the maximum allowable term of imprisonment in the case sub judice, irrespective of the "worst form of the offense" finding the judge also made.
{¶ 32} He stated:
 {¶ 33} Notwithstanding the statements of [defense] counsel [minimizing the nature of O'Donnell's injuries] as a result of the extremely violent acts of the defendant, the Court nevertheless finds that the victim did indeed suffer extremely serious physical, psychological and economic harm as a result of the violent acts of the defendant.
{¶ 34} According to R.C. 2901.01(A)(5), "Serious physical harm to persons" means any of the following:
 {¶ 35} (a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 {¶ 36} (b) Any physical harm that carries a substantial risk of death;
 {¶ 37} (c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 {¶ 38} (d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
 {¶ 39} (e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.
{¶ 40} The judge stated that evidence of the harm O'Donnell suffered was contained in his medical records, photographs of his injuries, blood on the floor, and a wall in his apartment. He referred to striking another in the face and head with a hammer as "extremely violent" which could easily result in death in addition to injury, and noted O'Donnell's facial scarring and the disturbingly gruesome photographs of the raw, bludgeoned top of O'Donnell's head. With such supporting reasons articulated in the record, we cannot agree that the judge was clearly and convincingly unjustified in characterizing Stell's conduct as constituting the worst form of aggravated assault.
Judgment affirmed.
It is ordered that the appellee recover from appellant costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, J., CONCURS; JAMES D. SWEENEY, P.J., CONCURS INJUDGMENT ONLY (See Concurring Opinion).
[1] See R.C. 2929.14(A)(4), defining the range of penalties allowable for a fourth-degree felony and R.C. 2903.12(B), establishing aggravated assault as a fourth-degree felony.
[2]
 {¶ a} * * * [T]he trial court is obligated to notify defendants of post-release control and the possibility of sanctions, including prison, available for violation of such controls. The Ohio Supreme Court found in Woods v. Telb (2000), 89 Ohio St.3d 504, 733 N.E.2d 1103, paragraph two of the syllabus, pursuant to R.C. 2967.28(B) and (C), a trial court must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence. See State v. Morrissey 2000 Ohio App. LEXIS 5963 (Dec. 18, 2000), Cuyahoga App. No. 77179, unreported.
 {¶ b} * * * [T]he reference to any extensions provided by law in the sentencing journal is insufficient to qualify as notification to an offender of post-release control as required by Woods. See Ohio v. Dunaway
2001 Ohio App. LEXIS 4056 (Sept. 13, 2001), Cuyahoga App. No. 78007, unreported, fn. 1; Ohio v. Williams
2000 Ohio App. LEXIS 5717 (Dec. 7, 2000), Cuyahoga App. No. 76816, unreported.
{¶ c} State v. Newman, Cuyahoga App. No. 80034, 2002-Ohio-328.
[3] R.C. 2929.19(B)(2)(a).
[4] R.C. 2929.19(B)(2)(d); State v. Edmonson (1999),86 Ohio St.3d 324, 329, 715 N.E.2d 131.
[5] R.C. 2953.08(G).
[6] R.C. 2903.12(A).